UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Mar 31   2 00 PM '04

BETTY JEAN MURPHY          :
                           :       PRISONER
    v.                     :       Case No. 3:02CV2311 (JBA)
                           :
HEATH                      :

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Betty Jean Murphy ("Murphy") is currently confined at the Federal Prison Camp in Alderson, West Virginia. She brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Murphy alleges that, while she was confined at the Federal Correctional Institution in Danbury, Connecticut, defendant violated her rights by forcing her injured foot into a shoe and requiring her to remain at a work assignment in the dining hall. Defendant has moved to dismiss this case on various grounds. For the reasons that follow, defendant's motion is granted in part and denied in part.

I.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it

is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II. Facts

The court accepts as true the following allegations taken from the complaint and attached exhibits.

On March 7, 2002, at approximately 6:45 a.m., Murphy reported for sick call complaining of neck pain and a painful inflamed and infected bone in her foot. A physician's assistant gave Murphy a medical appointment for March 11, 2002.

That same morning, at approximately 7:00 a.m., Murphy learned that her prison work assignment has been changed from

2

Beauty Salon Camp Orderly to Camp Food Service. Murphy reported to Food Service with her appointment slip and informed defendant that medical restrictions prevented her from wearing steel-toed shoes. Murphy told defendant that her foot was very painful and she was unable to put any shoe on that foot. Defendant called the hospital and confirmed that Murphy was precluded from prolonged standing and could not wear steel-toed shoes.

Murphy had reported to Food Service wearing one sneaker and one slipper. Defendant ordered Murphy to retrieve her other sneaker. Despite her complaints of pain, he forced Murphy's swollen foot into the sneaker and tied the shoe. He directed her to sit on a stool near the counter and distribute napkins for 1½ hours while the morning meal was served. He threatened disciplinary action if she refused. Defendant "made mockery" of Murphy in front of the other inmates working in Food Service.

Following her shift, Murphy reported to the medical unit where she was issued an "idle" and an order permitting her to wear only the slipper on her injured foot. The medical staff member told her that she required an operation on her foot in the near future. Also, a prison official indicated that Murphy should not have been assigned to Food Service and changed the work assignment.

III. <u>Discussion</u>

Defendant moves to dismiss this action on several grounds:

3

(1) Murphy's 42 U.S.C. § 1983 claim is not cognizable because defendant is not a state actor; (2) any claim for damages against defendant in his official capacity is barred by sovereign immunity; (3) Murphy fails to state a claim under the federal counterpart of a section 1983 action; (4) Murphy suffered no injury; (5) defendant is protected by qualified immunity; and (6) Murphy fails to state a claim under the Federal Tort Claims Act. In response, Murphy filed a document entitled "Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment." Defendant has not filed a motion for summary judgment and the court cannot consider evidence outside the pleadings in deciding a motion to dismiss unless the complaint incorporates those documents by reference.[1] Murphy's affidavit contains legal argument. Thus, the court considers the document to be her opposition to defendant's motion to dismiss.

    A.   <u>Section 1983 Claim</u>

Defendant first argues that any claim pursuant to 42 U.S.C. § 1983 is not cognizable because he is not a state actor.

To state a claim for relief under section 1983, Murphy must

---

[1] A document is incorporated by reference where the document is described with sufficient specificity to enable the court to readily identify document. See <u>National Ass'n of Pharmaceutical Mfrs. v. Averst Laboratories</u>, 850 F.2d 904, 910 n.3 (2d Cir. 1988) (noting that court could consider document incorporated by reference where plaintiff referred to letter in complaint and then quoted entire text of letter in memorandum of law).

4

allege that a person, acting under color of state law, has deprived her of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). A section 1983 action is not cognizable against the defendant because he is a federal employee whose actions do not constitute actions taken "under color of state law" as required by 42 U.S.C. § 1983. See Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (federal government exempt from the proscriptions of section 1983; that section does not permit relief against federal officers for action taken under color of federal law). Thus, the motion to dismiss is granted as to any claims brought pursuant to 42 U.S.C. § 1983.

    B.    Official Capacity Claim for Damages

Defendant next argues that any claims against him for damages in his official capacity are barred by sovereign immunity.

A claim against a federal employee in his official capacity is, essentially, a suit against the United States. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 485-86 (1994). While Murphy seeks damages from defendant in both his individual and official capacities, her claims against defendant in his official capacity are considered claims against the United States which are precluded under the doctrine of sovereign immunity. Any waiver

5

of that immunity must be expressed in unequivocal terms. See United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992).

Murphy's argument that the Bureau of Prisons, which is not a defendant in this case, is like a municipality or municipal agency and subject to suit under Monell v. Department of Soc. Servs., 436 U.S. 658 (1978), is without merit. Monell considered only whether municipalities and municipal agencies are subject to suit under section 1983. While municipalities are covered by section 1983, as discussed above, section 1983 is inapplicable to claims against federal employees such as defendant.

The United States has not waived its sovereign immunity for damages claims arising from actions of federal employees in their official capacities. Thus, defendant's motion to dismiss is granted as to any claim for damages against defendant in his official capacity. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (holding that Bivens claim against federal defendants in their official capacities was barred by sovereign immunity and properly dismissed).

C.  Bivens Claim

Murphy also brings this action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971), which is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983 providing for damages against defendants acting in their individual capacities where

6

their conduct is found to violate constitutional rights. See Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981).

Defendant argues that this claim must be dismissed because Murphy fails to allege facts suggesting he violated any constitutional right. Murphy alleges that she suffered from a painful inflamed and infected bone in her foot, that she was therefore unable to confine her foot in a shoe, and that defendant forced her injured foot into a sneaker and required her to work at the Camp Food Service for a 1 ½ hour shift, causing her to endure excruciating pain. Construing the allegations liberally, the Court concludes that Murphy is asserting an Eighth amendment claim of unconstitutional conditions of confinement as a result of deliberate indifference to her serious medical need.

It is well established that deliberate indifference to a serious medical need "constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (1976) (citation omitted). To establish a cognizable claim, the deprivation alleged must be objectively serious, and the prison official must have a "sufficiently culpable state of mind." Farmer v. Brennan,

7

511 U.S. 825, 834 (1994). The deliberate indifference standard is thus satisfied where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

    1. Serious Medical Need

The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition: "'[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significant affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (citation omitted). Applying this standard, the Court found that an inmate's allegations of excessive pain due to an abscessed tooth stated a cognizable claim. See id. at 703. Similarly, in Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000), the Second Circuit concluded that the refusal to treat an inmate's tooth cavity was sufficiently serious to constitute an Eighth Amendment violation, because a tooth cavity is a degenerative condition with serious complications if neglected. A prescription for eye-glasses to avoid double vision and the loss of depth perception has also

been recognized as a sufficiently serious medical need. See <u>Koehl v. Dalsheim</u>, 85 F.3d 86, 88 (2d Cir. 1996). As the Second Circuit has recognized, the inquiry into whether an inmate has a serious medical need is necessarily fact-intensive.

   2. Deliberate Indifference

The deliberate indifference standard is akin to recklessness. It requires that the prison official "knew of and disregarded the plaintiff's serious medical needs." <u>Chance</u>, 143 F.3d at 703. Thus, mere negligence does not give rise to a constitutional claim; instead, the prison official must act with "a conscious disregard of a substantial risk of serious harm." See <u>Hathaway v. Coughlin</u>, 99 F.3d 550, 552 (2d Cir. 1996) (citation omitted). Where deliberate indifference to a serious medical need is asserted against a prison guard, the claim may be in the form of intentional interference with prescribed treatment. See <u>Estelle</u>, 429 U.S. at 104-05.

Here, Murphy alleges that she was being treated for an inflamed and infected bone in her foot and states that the condition caused her to suffer excruciating pain, which was exacerbated by confining her foot in a shoe. She states that her condition was serious enough that a Physician's Assistant informed her an operation was required, and a doctor placed her on a 30 day convalescence. See Statement of Betty Murphy, April 5, 2002, attached to Complaint [Doc. # 2]. She further alleges

9

that the defendant forced her foot into a sneaker, against doctor's orders and BOP policy, causing her extreme pain, and required her to remain at this work assignment for 1 ½ hours. According to Murphy, the defendant "made mockery" of her bone inflammation condition, and knew or should have known that "an inflamed toe should not be forced into a shoe" because it would cause her serious pain. See Complaint [Doc. # 2] at 3-4. At this stage of the proceedings, and viewed in the light most favorable to the plaintiff, these allegations invoke the objective and subjective components of the deliberate indifference test sufficiently to state a cognizable Eighth Amendment claim. At the 12(b)(6) stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Moreover, as Murphy is a pro se litigant, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle, 429 U.S. at 106 (quotations omitted). The pain that Murphy has alleged she endured is inherently difficult to define. But at this stage

of the proceedings, it cannot be said to be beyond all doubt that Murphy cannot establish that the defendant's actions caused her unnecessary pain and suffering of a magnitude sufficient to establish an Eighth Amendment violation. Accordingly, the Court concludes that Murphy has alleged facts which, if developed further and proven, could support a <u>Bivens</u> claim for deliberate indifference to her serious medical need.

D.   <u>Failure to Suffer Injury</u>

Defendant also argues that Murphy's Eighth Amendment claim for use of excessive force is not cognizable because she suffered only de minimis injuries. As the Court has construed Murphy's complaint as rasing a claim of deliberate indifference, not excessive force, defendant's argument is misplaced. As discussed above, a claim of deliberate indifference to a serious medical need may be established through actions causing substantial pain. As Murphy has alleged that defendant's actions caused her excruciating pain, she has sufficiently stated an Eighth Amendment claim.

E.   <u>Qualified Immunity</u>

Defendant next argues that he is protected by qualified immunity. The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or

11

constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

Id.

At the time of the alleged violations of Murphy's rights, the law regarding claims of deliberate indifference to a serious medical need and unconstitutional conditions of confinement was sufficiently established to put defendant on notice that he could be liable for violating the Eighth Amendment if he unnecessarily exacerbated Murphy's pain from her bone inflammation condition by forcing her foot into a sneaker in contradiction to medical orders and institutional policy. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that prison guards may be deliberately indifferent to a serious medical need by

12

"intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Chance v. Armstrong, 143 F.3d 698, 703 (2d. Cir. 1998) (noting that cognizable claim regarding inadequate medical care may be based on various factors including the pain suffered by plaintiff). Thus, defendant's motion to dismiss is denied on this ground.

    F.   Claim Pursuant to Federal Tort Claims Act

Defendant argues that Murphy's Federal Tort Claims Act ("FTCA") claim is improper because the only proper defendant in such a claim is the United States. See 28 U.S.C. § 2679(d)(1) (providing that the only defendant in a claim pursuant to the Federal Tort Claims Act is the United States); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983)(same). An FTCA claim must be

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee or the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

F.D.I.C. v. Meyer, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b))(internal quotation marks omitted). Because defendant Heath is not a proper defendant, he is dismissed from this claim.

13

Pursuant to defendant's request in his motion to dismiss, the court hereby substitutes the United States as a defendant for the FTCA claim only. See Owusu v. Federal Bureau of Prisons, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) (granting motion to substitute United States as defendant in FTCA claim).

Murphy alleges defendant's actions caused her pain and injuries to her swollen foot. Liability under the FTCA is determined by application of state law. See Molzof v. United States, 502 U.S. 301, 305 (1992)("the extent of the United States' liability under the FTCA is generally determined by reference to state law"); see also Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (applying state law to FTCA malicious prosecution claim); Nolan v. United States, 2001 WL 392086, at *2 (W.D.N.Y. Mar. 21, 2001) (applying state law to FTCA negligence claim).

To establish a claim of negligence under Connecticut law, Murphy must show that defendant owed her a duty of care and breached that duty. In addition, the breach must have proximately caused or been the substantial factor in bringing about the harm and directly causing her to suffer damages. See Palkimas v. Lavine, 71 Conn. App. 537, 540, 803 A.2d 329, 333 (2002).

Murphy alleges that the correctional institution has a policy prohibiting contact between male correctional officers and

14

the female inmates and that defendant's action in forcing her foot into the sneaker violated that policy.  In addition, Murphy alleges that the doctor had ordered that she not wear shoes that would confine her foot.  She contends that defendant's disregard for the doctor's orders and institutional policy caused her to suffer excruciating pain.  Liberally construing these allegations and, for purposes of this motion, assuming they are true, the court cannot rule out the possibility that Murphy could prevail on her claim.  Thus, defendant's motion to dismiss is denied as to the FTCA claim as well.

IV. Conclusion

Defendant's Motion to Dismiss [**doc. #9**] is **GRANTED** as to the claim under 42 U.S.C. § 1983 and the claim for damages against defendant in his official capacity and **DENIED** as to the Bivens and FTCA claims.  The FTCA claim will proceed against the United States as defendant.  The Clerk is directed to attempt to obtain pro bono counsel for Murphy.

IT IS SO ORDERED.

/s/ Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 30th day of March, 2004.**