UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action
No. 3:02CV2311

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BETTY JEAN MURPHY

        Plaintiff,

- against -

"UNKNOWN" HEATH, FOOD SERVICE WORKER

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ANSWER

Answering the specific numbered claims of Plaintiff's complaint, Defendant states as follows:

1. Claim I:

    A: Defendant denies inappropriately touching a federal female inmate.

    B: Defendant denies he was out of control in front of food service workers on March 8, 2002.

    C: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation, that Plaintiff feared Defendant was an AIDS patient and would retaliate with an Incident Report.

2. Claim II:

Claim number II states a conclusion of law as to which no response is required. To the extent a response is required, defendant denies having actual knowledge that inmates with steel-toe shoe restrictions could not work in food service, and in fact called health services to see if there was any reasons that Plaintiff could not work in food service; denies forcing Plaintiff's foot

2

into a shoe; and denies that BOP employees are never to make any physical contact with inmates for any reason whatsoever in an official capacity.  Defendant admits that FCI Danbury had an institution supplement dated December 9, 1999, Occupational Safety and Environmental Health, 1600.07B, that addressed the wearing of safety footwear.  The institution supplement stated that all staff and inmates assigned to Food Service shall wear safety footwear and also stated that if for any reason an inmate could not wear safety footwear, the inmate shall be designated in an "unassigned" work status, deemed by the HSA, until proper foot protection could be acquired.

3.  Claim III:

Claim III states a conclusion of law as to which no response is required.  To the extent a response is required, defendant denies that he committed an assault or abused his discretion.

### First Affirmative Defense

The defendant is entitled to qualified immunity, because the plaintiff cannot prove that the defendant violated a clearly established constitutional right.

### Second Affirmative Defense

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

### Third Affirmative Defense

Plaintiff has failed to state a claim as required under 12(b)(6).

WHEREFORE, defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including its costs and disbursements.

Respectfully submitted,

3

        DEFENDANT

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        DOUGLAS P. MORABITO
        ASSISTANT U.S. ATTORNEY
        157 CHURCH STREET
        NEW HAVEN, CT
        FEDERAL BAR NO. ct20962


## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing was mailed, postage prepaid, via first-class mail this 24th day of April, 2004, to:

Paula Louise Buford, Pro se
Inmate # 15926-057
Federal prison Camp
Box A, Cottage 12
Alderson, WV 24910


        _____

        DOUGLAS P. MORABITO
        ASSISTANT UNITED STATES ATTORNEY