IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 NOV -1  P 4: 04

DISTRICT COURT

BETTY JEAN MURPHY,            )
                              )
        Plaintiff,            )
                              )  Prisoner - Case #3:02 CV 2311 (JBA)(JGM)
                              )
        v.                    )
                              )
HEATH, et al,                 )
                              )
        Defendant.            )  October 25, 2004

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGEMENT

Comes now, BETTY JEAN MURPHY, Plaintiff, pro-se, litigant, in response to Defendant's motion and in opposition of that motion for Summary Judgement under Local Rule 56(a) 1 and 56(c). Murphy contends there is an issue of dispute, as to material facts presented in her complaint. Further, Murphy contends there is a dispute as to major facts, which are genuine issues and must be resolved against the moving party for Summary Judgement. UNITED STATES, ex rel. JONES (vs.) RUNDLE, id at 150. 453 F. 2d. 147, 150, 3rd Cir. 1971. Defendant has violated his right to obtain Summary Judgement failing to include his Affidavit and other exhibits, prison documents, he deems relevant to and support his argument for Summary Judgement.

Further, Murphy contends the DEfendant's motion for Summary Judgement must be denied because the defendant has not yet complied with the discovery motion in this case, as such, Murphy moves for this Court to rule for a cross motion for Summary Judgement on behalf of the Plaintiff, allowing Murphy additional time to file the motion for Summary Judgement or at least stay the defendant's motion until plaintiff have obtained the necessary information . A continuation motion should be granted as a matter of course. COSTLOW vs. U.S.A. id. at 564. NATIONAL LIFE INSURANCE CO. v. SOLOMAN, 529 F. 2d 61 (2nd Cir. 1976) per curiam (Courts are particularly reluctant to grant summary judgement where there has been no opportunity for pre-trial disocvery). Murphy submits she is the one who is

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 2

entitled to summary judgement on that issue, because the defendant has not yet turned over their rules, where he was prohibited from any touching of use of unnecessary force, at the inmates resistance and disapproval. The B.O.P regulations must be obtained. MURRELL v. BENNETT, Supra, Note 181, at 310 (615 F. 2d. 306) 5th Cir. 1980. Murphy contends she is entitled to a motion for subpoenas duces tecum subpoenas to produce witnesses in order to provide witnesses still available under the B.O.P Corrective Services, that were present on that particular morning, including Laundry and Medical staff, outlining the factual disputes that existed, contrary to the twisted version of the failed to mention true facts, while acting in bad faith. Murphy motion for assignment of counsel is reinstatement due to the difficulty she is having in gathering and marshalling necessary documents, that are not available to her or which must be obtained from the F.O.I.A. procedures, which would be time consuming and can not be obtained within the 21 days time constraint ordered by this Court for compliance and objection to the Defendant's motions for summary jusgement. The absence of the documents processed by the defendants, who have not provided discovery, is the very injustice of this case. Indigent prisoners are hampered in their access to proof necessary to ward off summary judgement. Supra Note 181, at 310.

Murphy further points out to this Court her ability to complete discovery was "Nipped in the Bud", because she relied upon the Clerk to aggressively seek out the pro-bono attorney ordered from the onset of this case, to represent Murphy in the case, which has never been assigned, after the Order. Murphy contends the Court do more before granting summary judgement to the defendants. Some options are: (1) Appoint counsel; (2) Issuance of Subpoenas requested; (3) GRant a continuance pursuant to Rule 56(a) pending discovery, or (4) Denial of the Summary Judgement and the holding of an evidentiary hearing.

A pro-se plaintiff should be advised by the Court of his/her rights under Rule 56 and provided leniency in complying with the Court order. See attached Motion in Opposition and Affidavit to Defendant's motion for summary judgement.

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 3

## AFFIDAVIT

I, BETTY JEAN MURPHY, declare under penalty of perjury, make the following statement:

> Pursuant to Local Rule 56(a) 2, Murphy timely complies with the Court Order to provide an opposition to the Defendant's motion and request for Summary Judgement;
>
> Betty Jean Murphy deposes and says the following are her opposition and disputed statements which she denies and states the defendant's acting in bad faith in their statements of material facts under 56(a) 1 Statement, which no Exhibits were attached;
>
> As such, Plaintiff enters the following statements, under 56(a) 2 by listing issues of material fact, that must be tried:
>
> 1. I am the plaintiff in the above entitled matter. I make this declaration in opposition to the defendant's motion for summary judgement, as to his violation of Murphy's Eight Amendment Constitutional Rights.
>
> 2. Defendant claims in their motion that there was no material facts in dispute. In reality, there are many facts in dispute.
>
> 3. The defendant's claim in their motion that I did not provide him a convalescence at the

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 4

> time I reported to Food Service. Did not
> timely advise I was not to wear anything
> other than an open shoe, etc. He claim I
> made several trips back and forth erroneously,
> which is untrue.

IN RESPONSE AND OPPOSITION

4. BACKGROUND

Second Paragraph: Correction to the date Murphy arrived in Danbury (FCI) was, November 29, 2000, and not January 29, 2000.

Third Paragraph: Murphy had a well documented, no steel toe restriction, dating back to 1990 in the Sentry B.O.P. Computer and that among the other stated inflammed foot problem was precisely the reason she advised from the onset, her being summoned to Food Services is a mistake. At all times relevant, Murphy advised Heath she needed to leave Food Services and Heath insisted she work.

Sixth Paragraph: Untrue. HSU could have reported to Heath that I could work while I was on convalescence. Heath contradicts himself by stating in the origins of his Summary Judgement that, "Steel toes were required to work in Food Services", yet, he states it's okay to work without steel toes, as per the Medical Department. (HSU).

The special ordered soft shoes were issued on the same day. There was never any refusal of those shoes.

Eight Paragraph: Untrue. There's no "Rolling of toes", due to the inflammed state of the foot.

Ninth Paragraph: Untrue. Defendant never touched the sneaker foot or any part of the body. Heath took the foot, pushed the foot into the

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 5

shoe and tied it up. He threatened disciplinary action. There wa no sock on the foot. It is clear. Defendant admits kneeling down to "Assist" Murphy put on her shoes. This is absurb to think he'd kneel down, not touch the foot, shoes or any part of the body. Then, why kneel at all?.

P.A. J, ascertained the medical condition, medically, after the lunch meal was over and advised Heath I would not be reporting back to work. Heath wouldn't allow me to leave the area beforehand.

Tenth Paragraph: The convalescence had been ongoing for 6 months, in 30 day intervals. Heath is not acting in good faith in his request for Summary Judgement and thus his request must be denied. There is issue of "genuine" material fact.

Pro Se litigants are held to a less stringent standard of review. Heath violated the Eighth Amendment. Guilty of deliberate indifference to medical needs and medical treatment. The B.O.P. does not give consecutive convalescence if the medical conditions were not serviced. Murphy has been on convalescence over 6 months consecutive, not just March 2002. Murphy transferred to FPC Alderson, July 3, 2002 and continued her treatment of the foot and was admitted with the ongoing foot problem. (Swelling and red).

## STANDARD OF REVIEW

The Government nor Heath is entitled to qualified immunity.

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 6

## LOCAL RULES 56(a)(1) STATEMENT

Response and Objections

1    True

2    False. Murphy arrived Danbury, November 2000.

3    N/A

4    FAlse

5    True

6    True. Heath was told Murphy had a steel toe restriction. Heath told Murphy to go get the other sneakers, not steel toe.

7    True. Against policy. Requirement that inmates employed in Food Services must wear steel toes. No sneakers and not in selective areas of that department.

8    Murphy told Heath she was on medical convalescence because of an inflammed foot. Murphy had been on convalescence six months per her foot.

9.    True. But, Murphy could only wear an open shoe. No sneaker. No soft shoe.

10    Documentation wa provided (and numerous prior consistent medical convalescence) from the larger folders.

11    True. But, Murphy had the other sneaker in her hand.

12    As stated above.

13    Murphy provided the current restriction and only provided the addition form to show Heath the foot problem had been ongoing. Heath refused to acknowledge the others.

14    False. I was not assigned a job until after, he forced the shoe on my swollen foot.

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 7

15   False. Heath called the HSU when presented the current medical slip. Murphy was standing there.

16   Medical (HSU) confirmed the medical condition by telephone. Immediately following laundry called for Murphy to redeem a special ordered shoe. Conflicting.

17   True. But, also an active convalescence and only soft open shoes. These were in addition to the steel toe restriction.

18   False. I recieved the black institutional ordered shoes and returned them to laundry during my transfer to Alderson. Infact, Heath talked to Ms. A, Laundry foreman, who personally advised I have new shoes to pick-up, as he implied I was lying to him about the new shoes.

19   False. The restriction coninued through the present time and the institutions provide them.

20   True.
21   False. I had not worn shoes in several months. It was open.

22   False. Heath took the shoes from me.

23   True.
24   False.
25   False.
26   True. But, did tell him my foot hurt from the pressure and force he used to insert my foot in the shoe.

27   False. He tied them up.

28   Conflicting. False.

3:02 CV 2311 (JBA)(JGM)
Continuation, Pg. 9

37   True.  Unrelated to Heath's actions.

38   False.  Murphy only was in Food Services possibly 2 hours and never was required to return to Food Services or to wear the shoe.  She left Danbury with the medical restriction.

39   False.  A bond disease is degenerative.

40.  False.  I was on medical convalescence for the foot and could not perform any duties or activities accept legal.

41   False.  Anything touching the area of inflammation cuased great pain.

NOTE:  Geo. Vogliano, M.D. did not attend to Murphy's ailment on a regular basis.  He was seen every 3 months.  P.A. J was more familar with the condition.

Respectfully submitted,

*Betty Jean Murphy*
BETTY JEAN MURPHY #15926057
Federal Prison Camp
Box A, Kang 4
Alderson, W. Va. 24910

October 25, 2004

CERTIFICATE OF SERVICE

I, BETTY JEAN MURPHY, hereby certify that a copy of the within and foregoing was mailed postage prepaid, via first class mail, the 25th day of October 2004, to:

        Douglas P. Moraleito
        Assistant U.S. Attorney
        Post Offic Box 1824
        New Haven, Ct. 06508

*Betty Jean Murphy*
*October 25, 2004*