IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNETICUT
BRIDGEPORT, CONNECTICUT 06604
NEW HAVEN DIVISION

FILED

2004 NOV 30 P 1:09

BETTY JEAN MURPHY,　　　)
　　　　　　　　　　　　)
　　　Plaintiff,　　　　)
　　　　　　　　　　　　)
　vs.　　　　　　　　　 )　Case No: Prisoner –
　　　　　　　　　　　　)　　　　　3:02 CV 2311 (JBA)
HEATH, et. al.,　　　　 )
　　　　　　　　　　　　)
　　　Respondent.　　　 )

## MOTION FOR DISCOVERY

Plaintiff's motion for Interrogatories, Depositions, pursuant to Rules 27, 30 and 31 F.R.C.P.; and Rule 33 F.R.C.P., Production of Documents and things of entry Rule 34 F.R.C.P. and physical mental and medical examinations of all persons and witnesses named, Rule 35 F.R.C.P.; and Request for Admission of any and all tangible and intangible Admissions, Rule 36 F.R.C.P and set forth in Rule 26(b), Rule 34, F.R.C.P.

Comes now, BETTY JEAN MURPHY, pro-se, and without pro-bono counsel, as previously ordered by this Court, and seeks all discovery intended to be relied upon or used as a claim of innocence by the defense, of any parties including existence, description, nature, custody, condition and location of any books, documents, medical attendants, doctors, physician assistances and other tangible things, and the identity and location of the persons having knowledge of any discoverable matters that would be admissible or inadmissible at the trial, if the information appears reasonable to the adverse of reasonably calculated to lead to the favor verdict for the defendants as admissible evidence. (Emphasis added) "Relevant to the subject matter" involved in the pending litigation. OPPENHEIMER FUND id at 351. (437 U.S. 340, 98 S. Ct. 2380 (1978), "Any issue that may bear on the case".

Murphy certifies this discovery request is not burdensome or expensive for Heath and the government because this information is at their "finger tips".

Murphy will waive her right to privileged physician-patient information in its entirety, as it relates to her extensive medical problems treatment. (Specialist and surgical care during the last 15 years of her incarceration, including the extending medical idles and convalesants issued her during her stay at Danbury (FPC), from November 2000 through July 3, 2002, to dispute Heath et. al's allegations that her injury was not significant to lodge her civil complaint.

Murphy seeks to have purely factual matters relating to government informants, witnesses, investigative and administrative reports and agencies to the extent, deliberative and/or advisory materials which out weighs the policies favoring secrecy based on the defendants claim for qualified immunity other related matters of governmental privileges. KINOY vs. MITCHELL, Supra. Note 112, at 11.

Murphy contends Heath disregarded the procedural requirements when presented with the existing convalesant, he failed to state in his moving papers the March 11,    convalesant was a renewal of the ongoing medical convalesance due to the seriousness of the medical condition, the factual evidence from the medical records and supported with specific factual allegations that extend beyond evidence presented in the Request for Summary Judgement. SEE: BLACK vs. SHERETON CORP. of AMERICA, 371 F. Supp 97, 101, D.D.C. 1974.

Murphy seeks the testimony of any and all experts who may testify to her foot ailments, etc., at trial.

-2-

Murphy seeks the defendant to provide her with any and all medical treatment convalesants, idles as it related to her ongoing foot problems, including any Sentry based medical restrictions, etc., at Alderson (FPC).

These factual disputes can not be resolved without a trial.

Any and all grievances filed on Heath for misconduct toward inmates during his employment as a FS Supervisor.

Any and all policies concerning F.S. workers, without steel toe shoes, and medical convalesances.

Any and all court decisions or consent decrees entered against defendants or agents concerning the use of force.

Any and all policies that establish the duties and responsibility of defendant Heath.

All tort claims rules and regulation for these and all other reason this court deems just and proper.

Respectfully submitted,

*Betty Jean Murphy*
BETTY JEAN MURPHY
Federal Prison Camp
Box A
Alderson, W. Va. 24910

November 10, 2004

-3-

CERTIFICATE OF SERVICE

This is to certify I, BETTY JEAN MURPHY, deposited into the U. S. Postal Service at FPC, Alderson, West Virginia, a true and correct copy of the enclosed Motion for Discovery address Office of the United STates Attorney. Via first class mail the 20 day of November, 2004, to:

>    Douglas P. Moraleito,
>    Assistant U.S. Attorney
>    Post Office Box 1824
>    New Haven, Ct. 06508

Betty Jean Murphy, Affiant
#15936857
Box A Range #4
Federal Prison Camp
Alderson, W.Va. 24910